UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CLARENCE GOODWIN | ) | |
| | ) | |
| v. | ) | 1:12-cv-430\1:08-cr-104 |
| | ) | *Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

Clarence Goodwin ("Goodwin") has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Criminal Court File No. 52). Relying upon the Fourth Circuit's decisions in *United States v. Simmons*, 649 F.3d 237, 243 (4th Cir. 2011) (applying *Carachuri-Rosendo v. Holder,* 130 S.Ct. 2577 (2010)–which rejected the "hypothetical approach" in determining when a conviction is a felony–on direct review and finding a conviction for non-aggravated first-time marijuana possession did not qualify as predicate felony), and *United States v. Rhodes*, 446 Fed.Appx. 623 (4th Cir. 2011) (holding a prior conviction not punishable by a term exceeding one year was not a violent felony or serious drug conviction triggering 15 year mandatory prescribed by 18 U.S.C. § 924(e)), Goodwin challenges his sentence. As the Court understands Goodwin's motion, he is contesting his career offender status on the basis that neither his May 3, 2005, arrest and subsequent conviction for possession of less than ½ gram of cocaine for resale (State Docket # 254779) nor his September 26, 2005, arrest and subsequent conviction for possession of crack cocaine for resale (State Docket # 256645) qualify as a controlled substance offense, punishable by imprisonment for a term exceeding one year as required under § 4B1.2(b) of the United State Sentencing Guidelines ("USSG") because he was not incarcerated for a year or more.

Therefore, according to Goodwin, neither are predicate convictions for purposes of career offender status under § 4B1.1.[1]

After reviewing the record and the applicable law, the Court concludes Goodwin's motion under 28 U.S.C. § 2255 will be **DENIED** as time-barred by the applicable one-year statute of limitations (Criminal Court File No. 52) and his motion to appoint counsel will be **DENIED as MOOT** (Criminal Court File No. 56 ).

I.  **BACKGROUND**

On September 9, 2008, a federal grand jury sitting in Chattanooga, Tennessee returned a Six-Count Indictment against Clarence Goodwin ("Goodwin") and Avery Trevoy Morris ("Morris"). Goodwin was named in all six of the Counts (Criminal Court File No. 3). Count One charged Goodwin and Morris, along with others known and unknown to the Grand Jury with conspiracy to distribute and possess a mixture and substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. Counts Two, Three, and Five charged Goodwin with distributing 5 grams or more of a mixture and substance containing cocaine on April 18, 2008, April 25, 2008, and May 30, 2008, respectively, in violation 21 U.S.C. § 841(a)(1) and (b)(1)(B). Goodwin and Morris were charged in Counts Four and Six with aiding and abetting each other in distributing 5 grams or more of a mixture and substance containing cocaine base, on May 21, 2008,

---

[1] Goodwin appears to be under the mistaken impression that *Simmons* and *Rhodes* stand for the proposition that for criminal history points to be calculated an actual prison sentence length must exceed one year. Neither of these cases stand for such a proposition. Goodwin argues that even though each of his two prior drug offenses resulted in a four year prison sentence, he was incarcerated for only 11 months 29 days and fined $2,000.00 on his May 3, 2005, arrest and subsequent conviction, and his four year sentence was suspended after he paid a fine on his September 26, 2005, arrest and subsequent conviction. Thus, as the Court discerns, Goodwin argues these convictions are not qualifying prior convictions because neither resulted in a custodial sentence exceeding one year.

2

and June 16, 2008, respectively, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 1 (Criminal Court File No. 3).

On February 27, 2009, Goodwin pleaded guilty pursuant to a plea agreement to Count One i.e., conspiracy to distribute crack cocaine (Criminal Court File Nos. 23–Plea Agreement; 28 –Minute Entry of Plea). Goodwin was sentenced to 262 months imprisonment in the custody of the United States Bureau of Prisons (Criminal Court File Nos. 40–Minute Entry of Sentencing; 42–Judgment). Goodwin did not pursue a direct appeal. Goodwin filed a motion to reduce sentence on June 3, 2010, which was denied on June 7, 2010 (Criminal Court File Nos. 45–Motion; 47–Order). Goodwin subsequently filed the instant petition pursuant to 28 U.S.C. § 2241 in North Carolina on or about January 12, 2012 (Criminal Court File No. 52). The United States District Court for the Eastern District of North Carolina, Western Division concluded that Goodwin's motion should be converted to a § 2255 motion. After Goodwin expressed his conditional consent to allow it to be re-characterized as a § 2255 motion under 28 U.S.C. § 2255(f)(3) or (f)(4), the North Carolina Court transferred the pleading as a § 2255 motion to this Court (Criminal Court File No. 55-1–North Carolina Court Order).

## II. STATUTE OF LIMITATIONS

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitations for filing a § 2255 motion. *See* 28 U.S.C. § 2255. The limitation period in Goodwin's case began to run from the date on which his judgment of conviction became final. 28 U.S.C. § 2255(f)(1). When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expired. *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). Goodwin's judgment was

3

entered on June 18, 2009, and, at that time, Fed. R. App. P. 4(b)(1)(A) (2009) (effective until Dec. 1, 2009) provided that a notice of appeal had to be filed within ten (10) days after entry of the judgement from which he wished to appeal. Federal Rule of Appellate Procedure 26(a) (2009) (effective until Dec. 1, 2009) provided that weekends and holidays were not counted in calculating the ten-day period. Therefore, under these rules, Goodwin had until July 2, 2009, to file a notice of appeal, and the one-year statute of limitations began to run on July 3, 2009, the day after the expiration of the time for filing a notice of appeal. Fed. R. App. P. 26(a)(1)(A) and (C) (provides for the exclusion of the day of the event that triggers the period and inclusion of the last day of the period unless it is a weekend or holiday).

Thus, Goodwin was required to file his § 2255 motion on or before July 2, 2010. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)). According to Goodwin's certification, he placed his pleading with the United States Postal Service on January 12, 2012 (Criminal Court File No. 52). Considering Goodwin is a prisoner, the Court construes the certification as meaning he gave the prison authorities his motion for mailing on January 12, 2012, which is approximately a year and a half after the expiration of the one-year statute of limitations for filing his § 2255 motion. Therefore, Goodwin's § 2255 motion is time-barred by the statute of limitations (Criminal Court File No. 52).

### III. LATER DATE FOR COMMENCEMENT OF ONE-YEAR STATUTE OF LIMITATIONS

Goodwin asserts a later date for the commencement of the one-year limitation period applies in his case as he specified he was agreeing to have his pleading re-characterized as a § 2255 motion as filed pursuant to 28 U.S.C. § 2255(f)(3) or (4) (Criminal Court File No. 55-2). Relying on the

4

Fourth Circuit's decisions in *United States v. Simmons*, and *United States v. Rhodes*, Goodwin submits that neither of his prior controlled substance offenses are predicate offenses for career offender status because neither resulted in a custodial sentence exceeding a year (Criminal Court File No. 53). Although he was sentenced to four years on each conviction, the custodial sentences were suspended with the special condition requiring him to serve 11 months and 29 days and pay a $2,000.00 fine on Docket # 254779, and his four year sentence on Docket #256645 appears to have been suspended after payment of a fine. Goodwin argues his prior drug convictions, therefore, do not qualify as prior convictions under § 4B1.1.[2] (Criminal Court File No. 54).

Aside from the fact that Goodwin's two prior drug convictions were properly counted as the application notes to USSG § 4B1.2 explains that a prior felony conviction means "an offense punishable by . . . imprisonment exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed[,]" *see* § 4B1.2 Application Note 1, as explained below, a later date for the commencement of the one-year limitation period is not applicable to Goodwin's case.

### A.    28 U.S.C. § 2255(f)(3)

The one-year limitation period commences on the latest of one of the four dates set forth in Title 28 U.S.C. § 2255(f). As discussed above, normally the date would be the date the movant's judgement became final. 28 U.S.C. § 2255(f)(1). However, the statute of limitations may also commence from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to

---

[2]   Although Goodwin was sentenced on both cases on October 24, 2006, he was arrested on May 3, 2005, on state case #254779, and on case number 256645, he was arrested on September 26, 2005.

5

cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). Section 2255(f)(3), however, is inapplicable because, aside from the fact that Goodwin misunderstands the two Fourth Circuit cases and his reliance on them is misplaced, the cases Goodwin relies upon are not United States Supreme Court cases which constitute both a new rule and a rule retroactively applicable to cases on collateral review.

The cases relied upon by Goodwin, neither of which are binding on the Court, were decided on direct appeal by the Fourth Circuit, not the United States Supreme Court. As explained above, in the posture of collateral review, as Goodwin finds himself, he must demonstrate the Supreme Court identified a newly recognized right and that the newly recognized right has been made retroactively applicable to cases on collateral review in order to obtain relief here. 28 U.S.C. § 2255(f)(3). Goodwin has done neither. Accordingly, the timeliness of Goodwin's § 2255 motion is not governed by § 2255(f)(3).

**B.        28 U.S.C. § 2255(f)(4)**

Goodwin also cited to § 2255(f)(4)[3] but failed to explain how it was applicable. The Court infers Goodwin claims the limitation period did not begin to run until the date the *Simmons* and *Rhodes* cases were decided, i.e., August 17, 2011, and September 14, 2011, respectively. According to Goodwin, these cases require the Court to re-sentence him to reflect he is not a career offender. Goodwin's reliance on these cases is misplaced as these decisions do not constitute "facts supporting the claim" as they are cases and not facts. 28 U.S.C. § 2255(f)(4). In light of Goodwin's flawed argument and the existing legal authority, § 2255(f)(4) is inapplicable to his case, and the statue of

---

[3]        Under this section, the limitation period begins to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

limitations for filing a timely § 2255 motion in his case expired approximately a year and a half before Goodwin filed the instant motion.

**IV. CONCLUSION**

Based on the foregoing reasons, Goodwin's § 2255 motion to vacate, set aside, or correct his sentence will be **DENIED** as time-barred under 28 U.S.C. § 2255(f)(1), this action will be **DISMISSED** (Criminal Court File No. 52), and his motion to appoint counsel will be **DENIED as MOOT** (Criminal Court File No. 56).

SO ORDERED.

ENTER:

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**